UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Lead Action Case No.: 1:25-cv-10734-BEM<br><br>*Consolidated with Case Nos.:*<br>1:25-CV-11092-BEM<br>1:25-CV-11167-BEM<br>1:25-CV-11537-BEM |

**AETNA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION WITH RESPECT TO DR. DENNIS C. AYER, DDS, LLC**

**I.    Introduction**

Plaintiff Dr. Dennis C. Ayer, DDS, LLC ("Ayer"), is a contracted, In-Network provider with Aetna. Through the Dental Provider Agreement, Dr. Ayer agreed to adjudicate "[a]ny controversy or claim arising out of or relating to this Agreement" by binding arbitration. *See* Ex. A § 8.3. Pursuant to Federal Arbitration Action Sections 3 and 4, 9 U.S.C. §§ 3-4, the Court should compel Dr. Ayer to arbitrate his claims against Aetna, and the Court should stay his claims as to Aetna while arbitration proceeds.

**II.    Background**

As discussed in more detail in Defendants' Joint Motion to Dismiss, the Amended Consolidated Complaint ("ACC") in this case alleges, on behalf of assorted providers, that "Commercial Payers," through the use of Zelis, have conspired to downwardly adjust out-of-network ("OON") payment rates to providers, in violation of the antitrust laws. In particular, the complaint focuses on the use of Zelis's repricing products and services in connection with reimbursement of OON medical care. For the reasons discussed in the Joint Motion to Dismiss, the Complaint fails to state a claim. But as to Dr. Ayer, those claims fail for the additional

reason that, even were they sufficient to survive a motion to dismiss, they must be arbitrated because they are subject to valid and binding arbitration clauses.

Dr. Ayer has a Dental Provider Agreement with Aetna. That Agreement is attached as Exhibit A. Dr. Ayer's Agreement governs the terms, rate, and obligation as a provider with respect to Aetna subscribers, and the circumstances under which Aetna pays the provider. *E.g.*, Ex. A § 4.0. The Agreement also includes a provision governing out-of-network claims. "Provider may bill or charge Members . . .[for] services that are not Covered Services . . . [if] the Member was advised in writing prior to the services being rendered that the specific services may not be Covered Services [and] the Member agreed in writing to pay for such services after being so advised." Ex. A § 4.3.1. Dr. Ayer's Agreement also contains a broad requirement to arbitrate "any controversy or claim arising out of or relating to this Agreement[.]" Ex. A § 8.3.

### III.   Argument

It is well understood that "[t]he Federal Arbitration Act [("FAA")] requires courts to enforce private arbitration agreements . . . [t]he FAA treats these agreements as 'contract[s], and courts must enforce arbitration contracts according to their terms.'" *Barbosa v. Midland Credit Mgmt., Inc.*, 981 F.3d 82, 87 (1st Cir. 2020) (quoting *Biller v. S-H OpCo Greenwich Bay Manor, LLC*, 961 F.3d 502, 508 (1st Cir. 2020)) (internal citations omitted). Arbitration should be compelled under the FAA if the movant demonstrates "that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *Biller*, 961 F.3d at 508. (quoting *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011)). Each of these elements has been satisfied. The Court should compel arbitration and stay Dr. Ayer's action as to Aetna.

### A. A Valid Agreement to Arbitrate Exists and Dr. Ayer is Bound to Arbitrate Disputes with Aetna

#### 1. Dr. Ayer has a Valid Agreement Requiring Arbitration

The arbitration agreement at issue meets the first three requirements outlined in *Biller*. First, Dr. Ayer has a contract with Aetna. Second, that contract contains an arbitration provision: Dr. Ayer agreed through that contract to arbitrate any disputes with Aetna "arising out of or relating to" the Agreement. *See* Ex. A § 8.3 ("Any controversy of claim arising out of or relating to this Agreement . . . shall be settled by binding arbitration."). Aetna is one of the counterparties to that agreement, and may invoke that clause.[1] There is no indication or reasonable argument that the arbitration agreement is invalid or unenforceable.

#### 2. Dr. Ayer's Claims Fall Within the Scope of the Agreement

Where an enforceable arbitration agreement exists, the FAA requires courts to compel arbitration so long as the dispute is within the scope of that agreement. The FAA "codifies the 'fundamental principle that arbitration is a matter of contract.'" *Toth v. Everly Well, Inc.*, 118 F.4th 403, 409 (1st Cir. 2024) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). It "provides that arbitration agreements in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (citation omitted). Where an agreement exists, "the court must order parties to arbitrate any claims subject to the agreement." *Id.* (citation omitted).

Dr. Ayer's allegations in this case fall within the scope of the Agreement because they "arise out of or relate to" his Agreement. The Complaint challenges Aetna's conduct with respect to OON reimbursements made to providers. Dr. Ayer's agreement governs the relationship

---

[1] The introductory language to the agreement provides that the agreement is between Dr. Ayer and "Aetna Health, Inc. . . . on behalf of itself and its Affiliates." Ex. A at 3.

3

between Dr. Ayer and Aetna, including the services that are considered in- and out-of-network, as well as the terms, rates, and obligations of the provider, and how the provider should submit requests for payment to Aetna. Indeed, his Agreement specifically contemplates what he may do when services are not covered by a member's plan, i.e., when the services provided are out of network. Ex. A § 4.3.1 ("Provider may bill or charge Members . . .[for] services that are not Covered Services . . . [if] the Member was advised in writing prior to the services being rendered that the specific services may not be Covered Services [and] the Member agreed in writing to pay for such services after being so advised."). Those are the types of claims at issue in Dr. Ayer's Complaint. *See, e.g.*, ACC ¶¶ 6, 205. No language in the arbitration clause suggests that antitrust claims are excluded from its scope. Accordingly, his claims here fall directly within the scope of the arbitration clause.

Even if this court were to have doubt about the scope of the arbitration clause, any doubt should be resolved in favor of arbitration. "The Supreme Court [has] made clear that where an agreement to arbitrate some issues exists, and there is a dispute over the scope of the arbitration agreement, the law requires that those matters be presumed to be arbitrable 'unless it is clear that the arbitration clause has not included them.'" *Vaiano v. United Nat'l Corp.*, 733 F. Supp. 3d 32, 44 (D. Mass. 2024) (quoting *Bossé v. N.Y. Life Ins. Co.*, 992 F.3d at 31). "The FAA reflects a 'liberal federal policy favoring arbitration agreements' . . . in which there is a presumption that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]'" *Bosse v. N.Y. Life Ins. Co.*, 992 F.3d at 31 (citations omitted). "Ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration." *Vaiano*, 733 F. Supp. 3d at 44 (citation omitted).

### B. The Court Should Stay the Action as to Dr. Ayer as Against Aetna While the Dispute is Arbitrated.

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); *see also* 9 U.S.C. § 3 (requiring that courts stay action until arbitration is completed). Thus, in the event the Court finds that this lawsuit involves an arbitrable dispute, it must stay this action until any subsequent arbitration is completed. *See id.*; *see also Vaiano*, 733 F. Supp. 3d at 39-40 (the "court may enforce a valid arbitration agreement 'by staying existing litigation pending arbitration or compelling the parties to arbitrate and dismissing the action.'") (quoting *Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284, 293 (D. Mass. 2016) (citing 9 U.S.C. §§ 3, 4), *aff'd*, 918 F.3d 181 (1st Cir. 2019)); *Bourque*, 764 F. Supp. 3d 11 (granting the motion to compel and staying the case pending completion of arbitration); *Buruk*, 732 F. Supp. 3d 165 (same). Accordingly, this court should stay the action in favor of arbitration.

### IV. Conclusion

For the foregoing reasons, the Court should compel Dr. Ayer to arbitrate his claims against Aetna and stay his action against Aetna until any arbitration has been completed.

Dated:  August 11, 2025                    Respectfully submitted,

*/s/ Katherine Trefz*
George A. Borden (#552302)
Jonathan B. Pitt (*pro hac vice*)
Katherine Trefz (*pro hac vice*)
Williams and Connolly LLP
680 Maine Ave SW
Washington, DC 20024
Telephone: (202) 434-5000
gborden@wc.com

5

## **LOCAL RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Aetna, Inc. has conferred via email and phone with counsel for Plaintiffs and have attempted in good faith to resolve or narrow the issues in this Motion but have been unable to do so.

/s/ *Katherine Trefz*
Katherine Trefz

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of August, 2025, the foregoing was filed with the Court's electronic filing system, which will send electronic notice of this filing to all counsel of record.

*/s/ Katherine Trefz*
Katherine Trefz
