UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION<br><br><br>This Document Relates To:<br><br>All Associated Cases | Lead Action Case No.: 1:25-cv-10734-BEM<br><br>*Consolidated with Case Nos.:*<br>*1:25-CV-11092-BEM*<br>*1:25-CV-11167-BEM*<br>*1:25-CV-11537-BEM* |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF
DEPARTMENT OF JUSTICE AND PRIVATE CIVIL SETTLEMENT
<u>DOCUMENTS CONCERNING REALPAGE</u>**

## I. Introduction

Plaintiffs request that this Court take judicial notice of certain documents filed in two other Federal District Court matters concerning another third-party AI / algorithmic pricing entity, which have been attached as exhibits to the Declaration of Jason S. Hartley in Support of Plaintiffs' Request for Judicial Notice of Department of Justice and Private Civil Settlement Documents Concerning RealPage ("Hartley Decl."), filed herewith. Pursuant to Local Rules of the United States District Court for the District of Massachusetts, L.R. 7.1(a)(2), counsel to the parties met and conferred on December 4, 5, and 9, 2025. Hartley Decl. at 2 (¶ 7). On December 9, 2025, Defendants informed Plaintiffs that they "oppose the request for judicial notice on the basis that the materials at issue in the request are irrelevant to the matters pending before the Court in this case." *Id.* at 2 (¶ 7).

Plaintiffs respectfully request that the Court, as part of its consideration and determination of Defendants' multiple motions to dismiss Plaintiffs' Amended and Consolidated Class Action Complaint, incorporate and take judicial notice of the following documents, which have been filed within the government and private civil cases concerning RealPage, Inc., which is another third-party pricing algorithm company facing continuing litigation in the Middle District of Tennessee for antitrust violations:

- **Exhibit 1** to the Hartley Decl. is a true and correct copy of the parties' Stipulation and Order, filed in *United States of America v. RealPage, Inc.,* Case No. 1:24-cv-00710 (M.D.N.C.) at ECF No. 159;

- **Exhibit 2** to the Hartley Decl. is a true and correct copy of the parties' Proposed Final Judgment, filed in *United States of America v. RealPage, Inc.,* Case No. 1:24-cv-00710 (M.D.N.C.) at ECF No. 159-1;

- **Exhibit 3** to the Hartley Decl. is a true and correct copy of the Order on Preliminary Approval of Settlements, filed in *In re RealPage, Inc. Rental Software Antitrust Litig. (No. II),* Case No. 3:24-cv-01196 (M.D. Tenn.) at ECF No. 244; and

- **Exhibit 4** to the Hartley Decl. is a true and correct copy of the Joint Declaration of Interim Co-Lead Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlements and for Appointment of Settlement Class Representatives, Settlement Class counsel, and Settlement Administrator, filed in *In re RealPage, Inc. Rental Software Antitrust Litig. (No. II),* Case No. 3:24-cv-01196 (M.D. Tenn.) at ECF No. 208.

Filed along with this Request for Judicial Notice is a Proposed Order granting Plaintiffs' request for judicial notice as to some or all of Exhibits 1-4, attached to the Hartley Decl.

**II. Applicable Standards for Taking Judicial Notice of Settlement-Related Documents**

Under the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. Rule 201(b)(2). Moreover "[t]he Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet." *C.B. v. Sonora School Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (citing Fed.R.Evid. Rule 201(b)); *United States v. Howard*, 381 F. 3d 873, 876, n.1 (9th Cir. 2004)). *See also Lydon v. Loc. 103, Int'l Brotherhood of Elec. Workers,* 770 F. 3d 48, 53 (1st Cir. 2014) ("On a motion to dismiss . . ., a judge can mull over '. . . matters of public record, and other matters susceptible to judicial notice'"))) (internal citations and footnote omitted). Accordingly, courts may take, and this Court specifically has taken, judicial notice of "settlement agreements" entered into the "public record"

2

where "their authenticity is not in dispute," and may "consider them in light of defendant's motion to dismiss." *United States v. Raytheon Co.*, 334 F. Supp. 3d 519, 523-524 (D. Mass. 2018).

When considering facts to be judicially noticed, the focus is not on "relevance," *per se,* but on the *use* of the facts to be judicially noticed. Rule 201 applies to "adjudicative" facts, and does not explicitly require relevance. *See* Fed.R.Evid. Rule 201(a) ("This rule governs judicial notice of an adjudicative fact only"). *See also United States v. Bello,* 194 F.3d 18, 22-23 (1st Cir. 1999) ("Whether a fact is adjudicative or legislative depends not on the nature of the fact . . . but rather on the use made of it . . . ."). As determined and decided by the First Circuit, "[a]lthough ***irrelevant*** to either the merits of this case or to the evidentiary question, we take judicial notice that the Federal Circuit eventually dismissed the appeal for want of jurisdiction because the underlying arbitral decision . . . was not subject to judicial review." *Kassel v. Gannett Co., Inc.,* 875 F.2d 935, 951 n.16 (1st Cir. 1989) (citing *Kassel v. VA,* No. 87-3472 (Fed.Cir. Aug. 3, 1988) (unpublished order)) (emphasis added). *See also Total Petroleum Puerto Rico Corp. v. Torres-Caraballo,* 672 F. Supp. 2d 252, 253 (D.P.R. 2009) (District Court adopting Magistrate Judge's Report and Recommendation), stating at 254 ("Defendants have cited no authority for the proposition that relevance is a prerequisite for judicial notice. Rule 201(b) provides no such requirement, and the First Circuit has taken judicial notice of facts 'although irrelevant to . . . the merits of th[e] case.' *Kassel v. Gannett Co.*, 875 F.2d 935, 951 n.16 (1st Cir. 1989).").

The Court may consider judicially noticed material when considering whether to dismiss a complaint. *See R.G. Fin. Corp. v. Vergara-Nunez,* 446 F.3d 178, 182 (1st Cir. 2006) (In both the Fed.R.Civ.Proc. Rule 12(c) and Rule 12(b)(6) contexts, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts

3

susceptible to judicial notice") (citing *In re Colonial Mortg. Bankers Corp.*, 324 F. 3d 12, 15-16 (1st Cir. 2003) concerning 12(b)(6)).

Here, the "Stipulation and Order," filed on November 24, 2025 in *United States of America v. RealPage, Inc.,* Case No. 1:24-cv-00710 (M.D.N.C.) at ECF No. 159, concerns a settlement agreement entered into the public record by the defendant, RealPage, Inc. -- a third party pricing algorithm service provider -- used by landlords to collectively set prices for tenants, and the United States in a governmental civil proceeding (the "DOJ Settlement"). The DOJ Settlement was filed as docket entry number 159, and thus was placed in the "public record" and is properly the subject of judicial notice. *See Sonora School Dist.*, 692 F. Supp. 2d at 1138. Moreover, the "authenticity" of this settlement-related Stipulation and Order, docketed at ECF No. 159, does not appear to be in "dispute." *See Raytheon*, 334 F. Supp. 3d at 523-524. This Court can take judicial notice of ECF No. 159 under Fed.R.Evid. Rule 201(b)(2).

The "Proposed Final Judgment," filed on November 24, 2025 in *United States v. RealPage, Inc.,* Case No. 1:24-cv-00710 (M.D.N.C.) at ECF 159-1, between the United States of America, through the Department of Justice, and Defendant RealPage, Inc., concerns the parties' "consent[] to entry of this Final Judgment without the taking of testimony, without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party relating to any issue of fact or law[.]" ECF 159-1 at 1. The Proposed Final Judgment reflects a settlement between the parties, which can be judicially noticed. *Raytheon*, 334 F. Supp. 3d at 523-524. The Proposed Final Judgment at ECF 159-1 is also the proper subject of judicial notice because (1) it was entered in the public record and (2) there is no legitimate challenge to its authenticity, as a document signed by both the government and the defendant, RealPage. *Sonora School Dist.*, 334 F. Supp. 2d at 1138; *Raytheon,* 334 F. Supp. 3d at 523-524.

With respect to the civil matter, *In re RealPage, Inc. Rental Software Antitrust Litig. (No. II),* Case No. 3:25-cv-01196 (M.D. Tenn.), plaintiffs and certain defendants entered into a series of class settlements ("Private Civil Settlements"), which were preliminarily approved on or around November 21, 2025 by Judge Crenshaw at ECF No. 244. In that case, plaintiffs, "on behalf of themselves and the Settlement Class . . . have entered into 26 separate Settlement Agreements with the Defendants . . . ." *Id.* at 1 (footnote omitted). Dismissal and settlement-related materials can be proper subjects of judicial notice. *Raytheon*, 334 F. Supp. 3d at 523-524. Further, this document was placed in the "public record" by virtue of its filing in Case No. 3:25-cv-01196 (M.D. Tenn.), docket entry number 244. *See Sonora School Dist.*, 692 F. Supp. 2d at 1138. Rather than the subject of any "dispute" as to their "authenticity," the underlying civil settlements were first agreed to by the involved parties and then preliminarily approved, via ECF No. 244, on a class basis by the court. *See* ECF No. 244 at 1-7; *Raytheon*, 334 F. Supp. 3d at 523-524. ECF No. 244 is a proper subject of judicial notice.

In support of the plaintiffs' motion for preliminary approval, Interim Co-Lead Counsel filed on October 1, 2025 a joint declaration in Case No. 3:24-cv-01196 (M.D. Tenn.) at ECF No. 208, which states, in part, that "Plaintiffs have reached Settlements with 26 Settling Defendants . . .," having a "total monetary value of . . . $141,800,000." *Id.* at 7 (¶¶ 32-33). This document pertains to a series of class settlements reached in the private civil matter. *See Raytheon*, 334 F. Supp. 3d at 523-524. Further, this declaration was entered into the "public record" by virtue of its filing on ECF at Case No. 3:24-cv-01196 (M.D. Tenn.) at docket entry number 208, making it proper for judicial notice. *Sonora School Dist.*, 692 F. Supp. 2d at 1138. Similar to the above-discussed documents, there is no indication that either this joint declaration or the twenty-six

underlying Settlement Agreements are the subject to any "dispute" as to their "authenticity." *Raytheon*, 334 F. Supp. 3d at 523-524. ECF No. 208 can be judicially noticed.

**III. Additional Bases for Taking Judicial Notice of Settlement-Related Documents**

The parties to the DOJ Settlement agreed that it should be interpreted so as to "restore the competition" that the DOJ "allege[d] was harmed by [Defendant RealPage's] conduct," and that "[e]ntry of this Final Judgment is in the public interest." ECF No. 159-1 at 33 (§ XIII.C.) and 35 (§ XVI.). Accordingly, this DOJ Settlement supports Plaintiffs' position here that a third-party AI / algorithmic pricing service, like that provided by Zelis, can harm competition, and that competition can be restored through settlement or other judicial resolution. It is also clear that the DOJ believes that injunctive relief designed to curtail the improper exchange of competitively-sensitive information used to provide algorithmic or AI-based pricing is in the "public interest." *Id.* at 11-30, 35-36 (§§ IV-X, XVI).

With respect to the private civil matter, *In re RealPage, Inc. Rental Software Antitrust Litig. (No. II),* Case No. 3:24-cv-01196 (M.D. Tenn), Judge Crenshaw entered on or around November 21, 2025 the Order on Preliminary Approval of Settlements, indicating that plaintiffs, "on behalf of themselves and the Settlement Class . . . , have entered into 26 separate Settlement Agreements with the Defendants listed in Exhibit A to the Counsel Declaration . . . ." ECF No. 244 at 1 (footnote omitted). The Private Civil Settlements achieved within the *RealPage* private civil matter concern the impact caused by a third-party pricing algorithm service and its users, having a "total monetary value" of "$141,800,000," *per* ECF No. 208 at 7 (¶33), which the court determined was a "fair, reasonable, and adequate [amount], falling within the range of possible approval . . . ." ECF No. 244 at 3 (¶5). The Private Civil Settlements likewise further support Plaintiffs' position here that a third-party algorithm pricing service, like Zelis, can harm

6

competition; that competition can be restored through settlement, and that private monetary and injunctive remedies of these antitrust violations can be approved by a federal court. Additionally, as alleged on a class action basis in *Zelis,* the preliminary approval of the 26 Settlement Agreements in *RealPage* show the propriety of applying class wide relief in third-party AI / algorithmic pricing matters.

## IV. Conclusion

For the above reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1 through 4 to the Hartley Decl. in connection with the Court's consideration of Defendants' motions to dismiss Plaintiffs' Amended and Consolidated Class Action Complaint and enter the Proposed Order, filed along with this Request for Judicial Notice.

Dated: December 12, 2025

|  |  |
|---|---|
|  | *s/Maureen Forsyth* |
| Richard M. Paul III, *pro hac vice* | Maureen Forsyth, (MA Bar No. 642390) |
| Mary Jane Fait, *pro hac vice* | Jason S. Hartley, *pro hac vice* |
| Haley Hawn, *pro hac vice* | Jason M. Lindner, *pro hac vice forthcoming* |
| **PAUL LLP** | Kenneth Frost, *pro hac vice forthcoming* |
| 600 Broadway Boulevard, Suite 600 | **HARTLEY LLP** |
| Kansas City, Missouri 64105 | 101 W. Broadway, Ste 820 |
| Telephone: (816) 984-8100 | San Diego, CA 92101 |
| Rick@PaulLLP.com | Telephone: (619) 400-5822 |
| MaryJane@PaulLLP.com | hartley@hartleyllp.com |
| Haley@PaulLLP.com | lindner@hartleyllp.com |

*Co-Lead Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2025, the foregoing Request for Judicial Notice, along with the attached Declaration of Jason Hartley and the Proposed Order, was filed with the Court's electronic filing system, which will send electronic notice of this filing to all counsel of record.

s/<i>Maureen Forsyth</i><br>
Maureen Forsyth