## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Lead Action Case No.: 1:25-cv-10734-BEM<br><br>*Consolidated with Case Nos.:*<br>*1:25-CV-11092-BEM*<br>*1:25-CV-11167-BEM*<br>*1:25-CV-11537-BEM* |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs' request that the Court take judicial notice of documents reflecting settlements involving different parties, in different cases (the "Request") should be denied because settlements between non-parties have no bearing on Defendants' pending motion to dismiss, say nothing about the law governing Defendants' pending motion, and have no impact on the sufficiency of Plaintiffs' allegations.  ECF No. 96.

Under Federal Rule of Evidence 201, a court may take judicial notice of "adjudicative facts"—that is, facts that are "particularly related to the parties' proceeding"—with certain indicia of reliability.  *United States v. Vázquez Rijos*, 119 F.4th 94, 115 (1st Cir. 2024) (internal quotations omitted).  And it is well-established that federal courts "may take judicial notice of proceedings in other courts if those proceedings *have relevance to the matters at hand*."  *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (emphasis added and citation omitted); *see Aronson v. Advanced Cell Tech., Inc.*, 2012 WL 13437713, at *1 (D. Mass. July 16, 2012) (declining to consider or take judicial notice of SEC complaint that was "irrelevant to the matters pending in this case").

Here, Plaintiffs ask the Court to consider settlements that a different entity (RealPage, Inc.),

providing a different service (revenue management software), in a different industry (real estate) decided to enter into with different plaintiffs, for unknown reasons. *See In re RealPage, Inc. Rental Software Antitrust Litig. (No. II)*, No. 3:24-cv-01196 (M.D. Tenn.); *United States of America v. RealPage, Inc.*, No. 1:24-cv-00710 (M.D.N.C.) (together, "*RealPage* Settlements"). These settlements simply do not show, as Plaintiffs contend, that "third-party algorithm pricing service[s] . . . harm competition." *Contra* Request at 6–7. For one thing, the very filings Plaintiffs identify expressly state that "the Settlement Agreements" are *not* to be construed as "an admission, concession, or evidence of[] the validity or invalidity" of any underlying claims or the "truth or falsity of any fact alleged." Hartley Decl. Ex. 3 (ECF No. 172-4) at 5; *see also* Hartley Decl. Ex. 2 (ECF No. 172-3) at 1 (specifying that the proposed final judgment in *United States of America v. RealPage, Inc.* does not "constitut[e] any evidence against or admission by any party relating to any issue of fact or law"). More fundamentally, courts recognize that parties "settle claims simply to avoid the hassle, uncertainty, and expense of litigation even where a favorable outcome seems all but certain." *Nault v. United States*, 517 F.3d 2, 7 (1st Cir. 2008). Because "[c]ases settle for many reasons," the *RealPage* Settlements, standing alone, "say little about the merits of the [underlying] claims." *Douglas v. City of Springfield*, 2017 WL 123422, at *9 (D. Mass. Jan. 12, 2017).

That is particularly true where, as here, the settlements involved different parties and arise from allegations that differ from Plaintiffs' allegations here. For example, the plaintiffs in the *RealPage* cases explicitly alleged that RealPage pooled sensitive competitor data and used that data to determine prices; that RealPage took affirmative steps to increase compliance with pricing recommendations; and that RealPage conducted oversight of clients' pricing activities. *In re RealPage, Inc., Rental Software Antitrust Litig. (No. II)*, 709 F. Supp. 3d 478, 493–94 (M.D. Tenn.

2023); *United States of America v. RealPage, Inc.*, No. 1:24-cv-00710, ECF No. 47 ¶¶ 19, 61–74, 257, 260 (M.D.N.C.).  As Defendants' briefing explains, there are no comparable allegations here. *See* Mem. in Supp. of Defs.' Joint Mot. to Dismiss, ECF No. 97 at 29, 32–34.  The *RealPage* Settlements accordingly are neither relevant nor germane to whether Plaintiffs have standing to bring their claims or whether they have failed to state a claim upon which relief can be granted. Plaintiffs' reliance upon *United States v. Raytheon Company* to argue otherwise is also misplaced, as the settlements before the Court in that case were between the same two parties and were potentially case dispositive due to *res judicata*.  334 F. Supp. 3d 519, 523–24 (D. Mass. 2018).

Plaintiffs nonetheless argue that the Court may still take judicial notice of facts even if they are not relevant to the matter at hand, Request at 3, but never explain for what purpose the Court should consider irrelevant facts.  They likewise ignore the weight of authority declining to take judicial notice of facts irrelevant to the matters before the court.  *See Aronson*, 2012 WL 13437713, at *1; *Pizzuto v. Homology Meds., Inc.*, 2024 WL 1436025, at *2 (D. Mass. Mar. 31, 2024) (declining to take judicial notice of documents that were irrelevant because they fell outside the applicable class period); *VCA Cenvet, Inc. v. Winchester Veterinary Grp., Inc.*, 2015 WL 13679196, at *11 n.7 (D. Mass. Aug. 31, 2015) ("I will not . . . take notice of [a lab services agreement] . . . because it is altogether irrelevant to the issues in this case.").

Lastly, Plaintiffs' Request should also be denied because they improperly seek to rely upon the *RealPage* Settlements for the truth of statements asserted therein.  "Though the Court may take judicial notice of court records and judicial proceedings under some circumstances, such as to confirm the fact of filing, it may not do so in order to discern the truth of the facts asserted within that filing."  *Giardiello v. Marcus, Errico, Emmer & Brooks, P.C.*, 261 F. Supp. 3d 86, 89–90 (D. Mass. 2017); *see also Kassel v. Gannett Co., Inc.*, 875 F.2d 935, 951 n.16 (1st Cir. 1989) (taking

judicial notice of the fact that the court dismissed an appeal for lack of jurisdiction, not for the truth of any statements made in connection with the dismissal).  Here, Plaintiffs ask the Court to take judicial notice of these settlements for exactly that purpose—to support their positions with the truth of certain statements made in the *RealPage* filings.  Request at 6–7.  Plaintiffs also argue that "the preliminary approval of [certain *RealPage* Settlements] show the propriety of applying class wide relief," Request at 7, but that misapprehends the current posture of the case: it is Plaintiffs' failure to state claims under the antitrust laws that is currently before the Court, not class certification and not the relief Plaintiffs seek.

Because the *RealPage* Settlements are irrelevant to the issues presently before the Court and cannot be considered for Plaintiffs' asserted purpose, the Court should deny Plaintiffs' Request.

Dated: December 19, 2025

*/s/ Matthew L. McGinnis*
Matthew L. McGinnis (BBO# 666120)
Jane E. Willis (BBO# 568024)
Sandra H. Masselink (BBO# 696687)
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000
Jane.Willis@ropesgray.com
Matthew.McGinnis@ropesgray.com
Sandra.Masselink@ropesgray.com

***Attorneys for Defendants Zelis Healthcare,
LLC, Zelis Claims Integrity, LLC, and Zelis
Network Solutions, LLC***

George Borden
Katherine Anne Trefz (*pro hac vice*)
Jonathan Pitt (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-403-5038

- 4 -

gborden@wc.com
ktrefz@wc.com
jpitt@wc.com

*Attorneys for Defendant Aetna, Inc.*

Brett Boskiewicz (BBO #656545)
**McDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
Facsimile: (617) 535-3800
bboskiewicz@mwe.com

Joshua B. Simon (*pro hac vice*)
Warren Haskel (*pro hac vice*)
**McDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: 212-547-5400
Facsimile: 212-547-5444
jsimon@mwe.com
whaskel@mwe.com

*Attorneys for Defendant The Cigna Group*

Maria R. Durant (BBO #558906)
**HOGAN LOVELLS US LLP**
125 High Street, Ste. 2010
Boston, MA 02110
Telephone: 617-371-1024
Maria.Durant@hoganlovells.com

E. Desmond Hogan (*pro hac vice*)
Justin Bernick (*pro hac vice*)
W. David Maxwell (*pro hac vice*)
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
david.maxwell@hoganlovells.com

*Attorneys for Defendant Elevance Health, Inc.*

Abena Mainoo (BBO #677622)
Joseph Kay (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
Telephone: 212-225-2745
amainoo@cgsh.com
jkay@cgsh.com

Heather Nyong'o (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
650 California Street
Suite 2400
San Francisco, CA 94108
Telephone: 415-796-4480
hnyongo@cgsh.com

Daniel P. Culley (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1500
dculley@cgsh.com

Scott C. Solberg (*pro hac vice*)
Vanessa G. Jacobsen (*pro hac vice*)
Benjamin E. Waldin (*pro hac vice*)
**EIMER STAHL LLP**
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
312-660-7600
ssolberg@eimerstahl.com
vjacobsen@eimerstahl.com
bwaldin@eimerstahl.com

***Attorneys for Defendant Humana Inc.***

Rachel S. Brass (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center Suite 2600
San Francisco, CA 94111
Telephone: 415-393-8293

rbrass@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
Joshua Lipton (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave., 54th Floor
Los Angeles, CA 90071
Telephone: 213-229-7409
hrichardson@gibsondunn.com

Allison O'Neil (BBO # 641330)
Kara Kelleher (BBO # 713274)
**TROUTMAN PEPPER LOCKE**
111 Huntington Ave., 9th Floor
Boston, MA 02199
Telephone: 617-443-3744
Allison.oneil@troutman.com
Kara.kelleher@troutman.com

***Attorneys for Defendant UnitedHealth Group, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of December, 2025, the foregoing was filed with the Court's electronic filing system, which will send electronic notice of this filing to all counsel of record.

/s/ *Matthew L. McGinnis*
Matthew L. McGinnis