**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION | Lead Action Case No.: 1:25-cv-10734-BEM |
| This Document Relates To: <br><br> **All Associated Cases** | *Consolidated with Case Nos.:* <br> *1:25-CV-11092-BEM* <br> *1:25-CV-11167-BEM* <br> *1:25-CV-11537-BEM* |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND**
**THE AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

Introduction ......................................................................................................1

   I.     Summary of Matter and Basis for Request for Leave to Amend .....................1

Argument .........................................................................................................2

   I.     This Court Possesses Direction, Freely Given When Justice Requires, To Grant Leave to Amend Under Rule 15(a)(2) ........................................................2

       A.  Reward of Undue or Intended Delay .....................................................3

       B.  Plaintiffs' Proposed Amendments Are Not Futile ..................................3

           1.  Removing Dr. Allen as a Named Plaintiff ..........................................3

           2.  Adding Chelsea Food and Ankle P.C. as a Named Plaintiff .............4

           3.  Adding 4 Missing Peace Corps, Inc. as a Named Plaintiff ...............4

           4.  Adding Allegations Concerning "Top 5" National Health Plans ......5

           5.  Adding Subsidiaries of Existing Defendants .....................................5

               i.     Naming Meritain Health, Inc. (subsidiary of Defendant Aetna, Inc.) as an Additional Defendant ..........................................................6

           6.  Naming Cigna Health and Life Insurance Company (subsidiary of The Cigna Group) as an Additional Defendant ..................................7

           7.  Naming HealthSCOPE, Benefits, Inc. and URM, Inc. (subsidiaries of UnitedHealth) ................................................................................7

           8.  Naming Blue Cross of California (subsidiary of Elevance) ..............8

           9.  Repairing Limited, Inadvertent Typographical Errors .....................8

               a.  Modifying Header to Confirm to Its Contents ............................9

               b.  Commercial Payer Refinement

               c.  Additional Typographical and Technical Repairs ......................9

Conclusion ...................................................................................................11

## TABLE OF AUTHORITIES

Cases

*Alifax Holding SpA v. Alcor Scientific, Inc.,*
  2017 WL 1051008, at *2, *3 (D.R.I. Mar. 20, 2017) .................................................................. 3

*Arruda & Beaudoin, LLP v. Astrue,*
  2013 WL 1309249, at *2n.2 (D. Mass. Mar. 27, 2013) ............................................................... 4

*Cooper v. Charter Comms. Ent I, LLC,*
  2015 WL 1943858, at *5 (D. Mass. April 28, 2025) .................................................................. 3

*Farkas v. Tex. Instruments, Inc.,*
  429 F. 2d 849, 851 (1ST Cir. 1970)............................................................................................. 2

*Fassina v. Liberty Mut. Fire Ins. Co.,*
  2024 WL 1018440, at *11 (D. Mass. Mar. 8, 2024) ................................................................ 4, 5

*Glassman v. Computervision Corp.,*
  90 F. 3d 617, 623 (1st Cir. 1996)............................................................................................... 2

*Kahoot! V. CPDLive Pty Ltd.,*
  2026 WL 1493533, at *2 (D. Mass. May 28, 2026)................................................................. 2, 5

*Manchester v. Cumberland County Sheriff's Dep't.,*
  2016 WL 715972, at *2 (D. Maine Dec. 5, 2016) ....................................................................... 8

*Marchand v. Town of Hamilton*,
  2011 WL 613699, at *2 (D. Mass. Feb, 9, 2011)...................................................................... 8,9

*Resol. Tr. Corp. v. Gold,*
  30 F. 3d 251, 253 (1st Cir. 1994)............................................................................................... 2

*Vilaythong v. Sterling Software, Inc.*
  353 F. Supp. 3d 87, 93 (D. Mass. 2018) .................................................................................... 2


Other Authorities

Fed. R. Civ. P. 15(a)(2) ........................................................................................... 1, 2, 4, 5
Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2, 3

**INTRODUCTION**

Under Fed. R. Civ. P. Rule 15(a)(2) and consistent with this Court's scheduling order (ECF 222 at 2), Plaintiffs seek leave to amend the Amended and Consolidated Class Action Complaint ("ACCAC"). A redline version of the proposed Second Amended Consolidate Class Action Complaint ("SACCAC") is attached hereto. The proposed amendments therein primarily concern:

- Naming as Defendants select subsidiaries of existing Defendants which Defendants have expressly represented are relevant to the lawsuit;

- Replacing one named Plaintiff with two named Plaintiffs that have since expressed interest in the lawsuit, and which include the currently unrepresented practice areas of podiatry and mental health.

Plaintiffs additionally seek to make limited typographical and technical repairs, and refine certain language regarding the Payer Defendants. As detailed herein, these proposed amendments come at the prejudice of no party, are not futile, and do not award unnecessary delay.

## I.    Summary of Matter and Basis for Request for Leave to Amend

This lawsuit challenges the coordinated suppression of out-of-network ("OON") payments issued by insurance companies ("Payers") who pay for Healthcare Services rendered by healthcare practitioners ("Providers"). *See, generally,* ECF 39 (ACCAC). This lawsuit also addresses, in part, the information asymmetry that exists as between Payers and Providers. *See id.* Because the Payers share proprietary and competitively-sensitive information with and among each other, both through and independent of Zelis, on a technical, contractual, and informal basis, the Payers know how low they can push down OON payments. *See id.* Meanwhile, the entities and individual practitioners that actually perform Healthcare Services on an OON basis have actually or virtually no alternatives to which to turn to obtain better payments. In other words, the conspiracy deprives Providers performing OON services of their right under the Sherman Act to use competitive alternatives to increase the amounts they can earn for performance of OON Healthcare Services.

As previewed above, Plaintiffs seek leave to amend the ACCAC for several reasons. *First*, to the prejudice of no one, Plaintiffs seek to remove one of the previously-named Plaintiffs. *Second*, since filing the ACCAC, multiple Providers have expressed interest in participating in the litigation, and reflecting this interest, they are included in the proposed Second Amended and Consolidated Class Action Complaint ("SACCAC"). *Third*, assertions by multiple Defendants support naming various associated subsidiaries as Defendants. *Fourth*, Plaintiffs seek to repair limited, inadvertent typographical errors of the ACCAC.

Both for reasons supported by Plaintiffs and for some likely supported by Defendants, Plaintiffs seek leave of this Court to amend the Amended and Consolidated Class Action Complaint, filed in this matter on June 11, 2025 at ECF 39.

## ARGUMENT

**I.    This Court Possesses Discretion, Freely Given When Justice Requires, To Grant Leave To Amend Under Rule 15(a)(2)**

Under Fed. R. Civ. P. Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." As this Court has explained in another matter:

> Courts considering motions for leave to amend are given discretion under Federal Rule of Civil Procedure 15(a)(2), which instructs courts to "freely give leave when justice so requires." *See also Farkas v. Tex. Instruments, Inc.*, 429 F. 2d 849, 851 (1st Cir. 1970) ("[A]mendment of pleadings is largely a matter within the discretion of the district court."). However, "amendment is not warranted if it would be futile or reward undue or intended delay." *Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (citing *Resol. Tr. Corp. v. Gold*, 30 F. 3d 251, 253 (1st Cir. 1994)). When reviewing a proposed amended complaint for futility, a district court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion" to dismiss for failure to state a claim. *Glassman v. Computervision Corp.*, 90 F. 3d 617, 623 (1st Cir. 1996).

*Kahoot! v. CPDLive Pty Ltd.,* 2026 WL 1493533, at *2 (D. Mass. May 28, 2026). Accordingly, the two considerations for leave to amend are the (1) "'reward [of] undue or intended delay,'" and

2

(2) the existence of "'futil[ity]'" *Id.* (internal citations omitted).

## A. Reward of Undue or Intended Delay

A motion for leave to amend filed in accordance with a Court's scheduling order is definitionally timely and not dilatory. As this Court has held, a motion for leave to amend filed in accordance with "[t]he Court's schedule" is "an indicator of timeliness." *Id.* at *3 n.4 (citing *Cooper v. Charter Comms. Ent I, LLC,* 2015 WL 1943858, at *5 (D. Mass. April 28, 2025) ("'Plaintiffs filed their motion for leave to amend within the time permitted under the first scheduling order issued in the case.'"). This motion is filed on July 6, 2026, the deadline for any motions for leave to amend under the scheduling order (ECF 222), making it timely and neither unduly nor intentionally dilatory.

## B. Plaintiffs' Proposed Amendments Are Not Futile

The areas of proposed amendment include:

- Replacing one named Plaintiff with two named Plaintiffs;

- Adding five subsidiaries of existing named Defendant which were suggested for inclusion **by Defendants**;

- Repairing limited incidental typographical errors.

The existing allegations, as well as the level of detail of the proposed amendments demonstrate the absence of "futility" under Rule 12(b)(6).

### 1. Removing Dr. Allen as a Named Plaintiff

Plaintiffs seek to remove James Paul Allen DDS d/b/a/ Allen Dental ("Dr. Allen") as a named Plaintiff. District Courts within the First Circuit have allowed the removal of named Plaintiffs. *See, e.g., Alifax Holding SpA v. Alcor Scientific Inc.*, C.A., 2017 WL 1051008, at *2, *3 (D.R.I. Mar. 20, 2017) (motion to amend granted, including Plaintiffs' request to remove Plaintiff Sire "as a named plaintiff"); *Arruda & Beaudoin, LLP v. Astrue,* 2013 WL 1309249, at *2 n.2 (D. Mass.

Mar. 27, 2013) ("add[ed] and remove[d] named plaintiffs," despite the plaintiffs [in *Astrue*] amending their complaint "well after the Defendants filed their Rule 12(b) motion, and did so without Defendants' consent or leave of court"). Accordingly, references to Dr. Allen have been deleted from the proposed SACCAC, attached at Exhibit A.

### 2. Adding Chelsea Foot and Ankle P.C. as a Named Plaintiff

Plaintiffs seek leave to amend the ACCAC in order to add another Provider—a podiatry practice located in New York, New York. Plaintiffs seek to add Chelsea Foot and Ankle P.C. ("CFA"). CFA has received both repricing communications from Zelis and Zelis-repriced OON payments from Payers. Having received Zelis repricing communications and confirmation that it was repriced by or through Zelis, CFA has standing, antitrust standing, damages, and antitrust damages to help litigate this matter. Moreover, CFA's involvement provides additional support for the alleged geographic market. Accordingly, this Court should "allow[] Plaintiffs' Rule 15(a) motion for leave to file the [amended complaint] to add additional class representatives . . . ." *Fassina v. Liberty Mut. Fire Ins. Co.*, 2024 WL 1018440, at *11 (D. Mass. Mar. 8, 2024). Adding CFA is plainly not "futile" under Rule 15(a)(2).

### 3. Adding 4 Missing Peace Corps, Inc. as a Named Plaintiff

Plaintiffs also seek to include 4 Missing Peace Corps, Inc. ("4MPC") as an additional named plaintiff. 4MPC is a mental health practice located in Agoura Hills, California. 4MPC is a mental health practice offering treatment for conditions including anxiety, depression, and PTSD, among others. While 4MPC treats patients on an OON basis. During the Class Period, 4MPC performed OON healthcare services and submitted claims to Commercial Payers for payment. 4MPC has received one or more payments from one or more Defendants, which were repriced by Zelis to its detriment. Similarly, 4MPC has standing and antitrust standing, and has incurred damages and

antitrust damages.  Naming 4MPC is appropriate under *Fassina,* 2022 WL 1018440, at \*11 and is not futile under *Kahoot!,* 2026 WL 1493533, at \*2.

Accordingly, this Court should "allow[] Plaintiffs' Rule 15(a) motion for leave to file the [amended complaint] to add additional class representatives . . . ." *Fassina v. Liberty Mut. Fire Ins. Co.*, 2024 WL 1018440, at \*11 (D. Mass. Mar. 8, 2024).  Adding 4MPC is plainly not "futile" under Rule 15(a)(2).

### 4.  Adding Allegations Concerning "Top 5" National Health Plans

Defendant Aetna has asserted that Plaintiffs should voluntarily dismiss it as it has never apparently used or entered into agreements concerning Zelis's repricing tools.  This Defendant's position directly contradicts Plaintiffs' allegations that Zelis itself has promoted its services by asserting that the "top 5" "national health plans" use its "platform."  *See, e.g.,* ACCAC at Paras. 12, 75, 242.

On a technical basis, the previously-filed ACCAC included allegations that listed the respective sizes of various national Payer-Defendants but omitted Aetna.  The proposed amendment now includes additional sources that place Aetna (or CVS Health and Aetna) within the "top 5" based on multiple size considerations.

Plainly not "futile," this proposed amendment supports Plaintiffs' previously determined-as-plausible allegations, including those that allege that the "top 5 national health plans" used Zelis's "platform."  Its inclusion in the SACCAC places Aetna's assertion that it does not use or has not entered into repricing agreements with Zelis at odds with Plaintiffs' pre-existing (and plausible) allegations.

### 5.  Adding Subsidiaries of Existing Defendants

      **i.  Naming Meritain Health, Inc. (subsidiary of Defendant Aetna Inc.) as an Additional Defendant**

Aetna represented to Plaintiffs' Counsel that its subsidiary, Meritain Health, Inc., uses Zelis's ERS and/or RBP products on a subset of its claims.[1] Aetna also represented to Plaintiffs that Meritain Health, Inc. is an independent subsidiary of Aetna Inc.[2]

Accordingly, consistent with Aetna's representations, Plaintiffs seek permission to amend to include Meritain Health, Inc. as a named Defendant in the SACCAC.. *See, supra,* n.1. It is difficult to contemplate a stronger (or less "futile") endorsement of a proposed allegation than one coming from defense counsel.

### 6. Naming Cigna Health and Life Insurance Company (subsidiary of The Cigna Group) as an Additional Defendant

Defendant, The Cigna Group, has also indicated in its initial disclosures that all specifically-named individuals are employees of or otherwise affiliated with its subsidiary Cigna Health and

---

[2] Meritain is not independent of Aetna. On several of its externally-facing webpages, Meritain describes itself as "Meritain Health an aetna company." *Optimizing your benefits is easier than you think,* Meritain Health®, https://www.meritain.com/total-cost-of-care-affordable-health-insurance/ (last visited June 26, 2026). Further, Meritain stresses that it can allow its clients to take advantage of offerings from its parent companies Aetna and CVS health: "Using a creative approach, we connect you to in-house solutions plus exclusive offerings from aetna® and CVS Health®." *Id.* Meritain also indicates that it provides "[n]ationwide access to partners" through its parent entity, Aetna: "Your members will have access to Aetna's robust and expanding nationwide network of over 600,000 providers." *For plan sponsors: Customized options and support that work as hard as you do,* Meritain Health, https://www.meritain.com/for-plan-sponsors-group-health-insurance/ (last visited June 26, 2026). Rather than emphasizing its independence, Meritain explains that achieving 2 million members "further aligns us with parent companies, Aetna® and CVS Health®, and their mission to simplify heath care one person, one family and one community at a time." *Meritain Health® Surpasses Two Million Member Milestone,* Meritain Health®, https://www.meritain.com/meritain-health-surpasses-two-million-member-milestone/ (last visited June 26, 2026). Also demonstrating this close relationship, Meritain explains that "[o]ver 90 percent of our plan sponsors choose to offer the Aetna Choice® POS II network, a national network with carrier-level discounts. If you start here, you'll gain access to 1.6 million health care providers nationwide . . . ." *Network solutions: Better choices for access, savings and care,* Meritain Health, https://www.meritain.com/network-solutions/ (last visited June 26, 2026).

Life Insurance Company with only one exception.

Accordingly, Plaintiffs name in the proposed Second Amended and Consolidated Class Action Complaint ("SACCAC") as a defendant, Cigna Health and Life Insurance Company.  *See* Exhibit A.

### 7. Naming HealthSCOPE Benefits, Inc. and UMR, Inc. (subsidiaries of UnitedHealth)

Plaintiffs' inclusion of Defendant United Health's subsidiaries HealthSCOPE Benefits, Inc. and UMR, Inc. as named defendants are similarly based on representations made by an already-named Defendant.  Defendant UnitedHealth Group Incorporated ("UHG") asserts that "[a]s relevant here, its indirect subsidiary, UMR, Inc., and previously, its subsidiary, HealthSCOPE Benefits, Inc., at times used certain Zelis out-of-network repricing tools on behalf of a limited number of self-funded plan sponsors." *Id.*

In further support of this non-futile amendment, Defendant UnitedHealth acknowledges that there exist "[a]greements between UMR / HealthSCOPE and Zelis regarding the use of Zelis repricing tools." *See id.* at 5.  As this Court has upheld the plausibility of Plaintiffs' allegations that Zelis is a horizontally-positioned competitor, UHG's initial disclosures confirm, or, at minimum, strongly support the existence of agreements between or among horizontally-positioned competing payers.  Amending the complaint to include UnitedHealth's subsidiaries HealthSCOPE Benefits, Inc. and UMR, Inc. as named defendants is thus not futile, but appropriate.

### 8. Naming Blue Cross of California (subsidiary of Elevance)

Plaintiffs also seek leave to add an Elevance subsidiary, Blue Cross of California, d/b/a Anthem Blue Cross of California ("BCCA"). Within its memorandum in support of its motion to compel arbitration, Defendant Elevance Health, Inc. ("Elevance") asserted that "Elevance Health is the ultimate parent company of payor subsidiaries, including Blue Cross of California, which

7

administers Blue Cross-branded health plans in California, maintains a provider network in California, and contracted with [American Specialty Health Plans of California, Inc. ("ASH")]." ECF 110, at 1, n.3.  Additionally, at least one of the Plaintiffs that seeks inclusion in the SACCAC provide OON services to BCCA's insureds.  Inclusion of BCCA is thus appropriate and cannot be considered futile.

### 9.    Repairing Limited, Inadvertent Typographical Errors

Plaintiffs seek to address minor typographical errors in their motion for leave to amend.  These types of corrections are ordinarily not opposed. *See, e.g., Manchester v. Cumberland County Sheriff's Dep't,,*2016 WL 715972, at *2 (D. Maine Dec. 5, 2016) ("defendants have not objected to this correction, and there is no suggestion that anyone has been confused or prejudiced by what was obviously a typographical error"); *Marchand v. Town of Hamilton*, 2011 WL 613699, at *2 (D. Mass. Feb. 9, 2011) (Court allowed Plaintiff's motion to amend in part "to the extent that it seeks to . . . correct typographical errors as well as certain factual inaccuracies which came to light in the course of discovery").

### a.    Modifying Header to Conform to Its Contents

Paragraphs 40-42 of the ACCAC concern various Bain-related entities, including Bain Capital Private Equity and Bain Capital Ventures.  However, the accompanying header states, "**1. Commercial Payer Defendants**".  Neither futile nor dilatory, Plaintiffs seek for the convenience of the Court and the Parties to edit the header to conform to the contents to read:  "**1.  Bain Capital Private Equity and Bain Capital Ventures**".

### b.    Commercial Payer Refinement[3]

---

[3] The bolded language as used within this subheading is meant to highlight new, proposed language to the SACCAC for ease of reference. This language as proposed in the SACCAC is not bold.

8

Paragraph 8 of the ACCAC states that "Commercial Payers are incentivized to reduce payments to OON Providers, Commercial Payers agreed to purchase repricing services from Zelis. In exchange for Zelis's repricing services, Commercial Payers agreed to pay Zelis a commission based on the difference between the amount billed and the amount paid, or the "savings" obtained for the Commercial Payers by Zelis." To refine this allegation, Plaintiffs seek to amend this language to read: "Commercial Payers are incentivized to reduce payments to OON Providers, **one or more** Commercial Payers agreed to purchase repricing services from Zelis. In exchange for Zelis's repricing services, **one or more** Commercial Payers agreed to pay Zelis a commission based on the difference between the amount billed and the amount paid, or the "savings" obtained for the Commercial Payers by Zelis.  *See* Ex. A (Proposed SACCAC at ¶8).

Paragraph 14 of the ACCAC reads: "Zelis, the Commercial Payer Defendants, and their Co-Conspirators secretly agreed to suppress OON Payments by limiting their OON Payments to specific amounts, ranges, percentages, or below certain thresholds, as determined by concealed and 'proprietary' analytical tools, databases, and methodologies owned and operated by Zelis, including Zelis's 'Established Reimbursement Schedule' or 'Established Reimbursement Solution' ("ERS") and its 'Reference-Based Pricing' ("RBP") services." To refine this allegation Plaintiffs seek to amend this language to read: "Zelis, the Commercial Payer Defendants, and their Co-Conspirators secretly agreed to suppress OON Payments by limiting their OON Payments to specific amounts, ranges, percentages, or below certain thresholds, as determined by concealed and 'proprietary' analytical tools, databases, and methodologies owned and operated by Zelis, including**, but not limited to,** Zelis's 'Established Reimbursement Schedule' or 'Established Reimbursement Solution' ("ERS") and its 'Reference-Based Pricing' ("RBP") services." *See* Ex. A (Proposed SACCAC at ¶14.)

Paragraph 111 of the ACCAC reads: "Zelis provides 'repricing' services for Commercial Payers." To refine this allegation, Plaintiffs seek to amend this language to read: "Zelis provides 'repricing' services for **multiple** Commercial Payers. *See* Ex. A (Proposed SACCAC at ¶114.).

Paragraph 190 of the ACCAC reads: "Zelis's repriced amounts are applied by the Commercial Payers through Zelis to all or nearly all medical and dental services performed on an OON basis, regardless of the specific test or procedure involved." To refine this allegation, Plaintiffs seek to amend this language to read: "Zelis's repriced amounts are applied by **multiple** Commercial Payors through Zelis to medical and dental services performed on an OON basis, regardless of the specific test or procedure involved." *See* Ex. A (Proposed SACCAC at ¶193).

### c.  Additional Typographical and Technical Repairs

Paragraph 12 of the ACCAC indicates that Zelis's "clients now include 'over 770 payers,'" when that sentence should have read "'more than 750 payers[.]'"  Zelis refers to itself as having both over "750" and over "770" health insurer-related customers, so there is occasional mismatching in the ACCAC.  *See* Ex. A (Proposed SACCAC at ¶12).

Paragraph 42 of the ACCAC has added to clarify and emphasize the various ways that Zelis Conspiracy participants might further the conspiracy.  As edited, the proposed SACCAC now reads:

> Aetna, Cigna, Elevance, Humana, UnitedHealth, and other PPO insurers have each entered into one or more OON agreements with Zelis, issued or delivered one or more OON payments to Providers performing out-of-network healthcare services at payment levels below competitive amounts, shared proprietary, confidential, competitively-sensitive information regarding claims, pricing, and contractual information with horizontal competitors, surrendered its pricing authority to a third party, and/or otherwise participated in the conspiracy, committed or omitted acts, and/or made statements in furtherance of, and is a member of, the Zelis Conspiracy.

*See* Ex. A (Proposed SACCAC at ¶42).

Also, at paragraph 146, the ACCAC lists various hospital locations where PIMG's practitioners work, including ". . . Santa Rosa Regional Hospital (San Francisco, California)." This should read, as amended, ". . . Santa Rosa Regional Hospital (Santa Rosa, California)." *See* Ex. A (Proposed SACCAC at ¶149).

Paragraph 149 of the ACCAC should add "("MCOs"),"  "preferred provider organizations ("PPOs"),"  and "("TPAs"),"  to read:  "health insurance companies, managed care organizations ("MCOs"), preferred provider organizations ("PPOs"), third-party administrators ("TPAs"), self-funded plans, and self-insured entities."  *See* Ex. A (Proposed SACCAC at ¶152).

Paragraph 190 should be reformed to omit "all or nearly all" and "the Commercial Payers," as follows:  "Zelis's repriced amounts are applied by Commercial Payers through Zelis to medical and dental services performed on an OON basis, regardless of the specific test or procedure involved."  *See* Ex. A (Proposed SACCAC at ¶193).

Paragraph 191 of the ACCAC should have the word "can" added:  "The performance of ONN healthcare services for payment is a discrete product or services, which certainly can be price fixed."  *See* Ex. A (Proposed SACCAC at ¶194).

Paragraph 216 of the ACCAC is based on a recording, which was transcribed with "Zealous'" used instead of "Zelis'."  This paragraph is now fixed in the proposed SACCAC to show only "Zelis'."  *See* Ex. A (Proposed SACCAC at ¶219).

The footnote to paragraph 235 of the ACCAC uses the incorrect word, "Ability," for the entity, Availity.    The citation should read:    "Which insurance companies use Availity, YourInsurance.info,    https://yourinsurance.info/which-insurance-companies-use-availity.    (last visited Jun. 10, 2025)."  *See* Ex. A (Proposed SACCAC at ¶235 at n.257).

11

In paragraph 266 of the ACCAC, the versus sign should not be a capitalized "V.," but is now a lowercase "v.," as reflected in the proposed SACCAC. *See* Ex. A (SACCAC at ¶269).

Footnote 326 of paragraph 322 quotes the word, "must," when that word need not be quoted. That word is now unquoted in the SACCAC. *See* Ex. A (Proposed SACCAC at ¶331 at n.331).

## CONCLUSION

For the reasons set forth above, this Court should grant Plaintiffs' motion for leave to amend the Amended and Consolidated Class Action Complaint at ECF 39, as included as a proposed draft Second Amended and Consolidated Class Action Complaint, found at Exhibit A to this motion.

Dated: July 6, 2026                                     Respectfully submitted,


                                                        /s/ *Richard M. Paul III*

Jason S. Hartley, *pro hac vice*                        Richard M. Paul, III *pro hac vice*
Jason M. Lindner, *pro hac vice forthcoming*            Mary Jane Fait, *pro hac vice*
Kenneth Frost, *pro hac vice*                           Haley Hawn, *pro hac vice*
Maureen Forsyth (MA Bar No. 642390)                     **PAUL LLP**
**HARTLEY LLP**                                         600 Broadway Blvd., Suite 600
101 W. Broadway, Suite 820                              Kansas City, Missouri 64105
San Diego, CA 92101                                     Telephone: (816) 984-8100
Telephone: (619) 400-5822                               Rick@PaulLLP.com
hartley@hartleyllp.com                                  MaryJane@PaulLLP.com
lindner@hartleyllp.com                                  Haley@PaulLLP.com
forsyth@hartleyllp.com
frost@hartleyllp.com
                                                        Katrina Carroll
Amanda F. Lawrence                                      Kyle A. Shamberg
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**                    **CARROLL SHAMBERG LLC**
156 South Main Street                                   111 W. Washington Street

12

P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2606
alawrence@scott-scott.com

Patrick Coughlin, *pro hac forthcoming*
Fatima Brizuela, *pro hac forthcoming*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5308
pcoughlin@scott-scott.com
fbrizuela@scott-scott.com

John Landay (*pro hac vice forthcoming*)
**LANDAY ROBERTS LLP**
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 648-4811
jlanday@landayroberts.com

Daniel J. Mogin (*pro hac vice forthcoming*)
**MOGIN LAW LLP**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone: (619) 687-6611
dmogin@moginlawllp.com

Daniel R. Karon (*pro hac vice forthcoming*)
**KARON LLC**
St. Clair Ave.
nd, OH 44113
ne: (216) 622-1851
dkaron@karonllc.com

C. Andrew Dirksen (MA Bar No. 568773)
**CERA LLP**
529 Main St., Suite P200
Boston, MA 02129
Telephone: (857) 453-6555
cdirksen@cerallp.com

Suite 1240
Chicago, IL 60602
Telephone: 872-215-6205
katrina@csclassactions.com
kyle@csclassactions.com

Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
Christian S. Ruano (352012)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cruano@cpmlegal.com

David M. Cialkowski (*pro hac vice application forthcoming*)
Ian F. McFarland (*pro hac vice application forthcoming*)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
(612) 341-0400
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com

Garrett D. Blanchfield
Brant D. Penney
Roberta A. Yard
**REINHARDT WENDORF & BLANCHFIELD**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Telephone: (651) 287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

## LOCAL RULE 15.1(B) CERTIFICATE

Plaintiffs provided Defendants notice of additional proposed parties on June 26, 2026, during a meet and confer and again on July 2, 2026, through electronic mail. Plaintiffs understand that Defendants confirmed to Plaintiffs that they do not intend to oppose the foregoing on the basis that strict compliance with L.R. 15.1(b) could not be completed prior to the deadline to request leave to amend the Amended Consolidated Class Action Complaint. Each new party named in the Second Amended Consolidated Class Action Complaint is a subsidiary of an existing Defendant.

**PLAINTIFFS PROVIDED DEFENDANTS NOTICE OF ADDITIONAL PROPOSED PARTIES ON JUNE 26, 2026, DURING A MEET AND CONFER AND AGAIN ON JULY 2, 2026, THROUGH ELECTRONIC MAIL. PLAINTIFFS UNDERSTAND THAT DEFENDANTS CONFIRMED TO PLAINTIFFS THAT THEY DO NOT INTEND TO OPPOSE THE FOREGOING ON THE BASIS THAT STRICT COMPLIANCE WITH L.R. 15.1(B) COULD NOT BE COMPLETED PRIOR TO THE DEADLINE TO REQUEST LEAVE TO AMEND THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT. EACH NEW PARTY NAMED IN THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT IS A WHOLLY OWNED [??] SUBSIDIARY OF AN EXISTING DEFENDANT. . IN EXCHANGE, PLAINTIFFS HAVE AGREED TO STIPULATE THAT DEFENDANTS WILL HAVE AN ADDITIONAL 10 DAYS FROM PLAINTIFFS' FILING OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT TO FILE ANY OPPOSITIONS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July 2026, I caused a copy of the foregoing to be served, via ECF, on all counsel of record.

*/s/ Richard M. Paul III*

14

Brett Boskiewicz (BBO# 646545)
**McDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
bboskiewicz@mwe.com


Eric Dellon
Joshua B. Simon (*pro hac vice*)
Warren Haskel (*pro hac vice*)
Emily T. Chen (*pro hac vice*)
Chelsea Cosillos (*pro hac vice*)
**McDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
jsimon@mcdermottlaw.com
whaskel@mcdermottlaw.com
echen@mcdermottlaw.com
cocosillos@mcdermottlaw.com
edellon@mcdermottlaw.com
*Attorneys for Defendant The Cigna Group*


Benjamin E. Waldin
Vanessa G. Jacobsen
Scott C. Solberg
**EIMERSTAHL LLP**
224 South Michigan Avenue
Chicago, IL 60604
Telephone: (312) 660-7631
bwaldin@EimerStahl.com
vjacobson@EimerStahl.com
ssolberg@EimerStahl.com


David B. Schwartz (*pro hac vice*)
Z. Lilly Rudy (*pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**

Maria R. Durant (BBO# 558906)
Alexandra Watson Bailey (BBO# 676145)
**HOGAN LOVELLS US LLP**
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (616) 371-1024
Maria.Durant@hoganlovells.com
Alexandra.Bailey@hoganlovells.com


E. Desmond Hogan (*pro hac vice*)
Justin Bernick (*pro hac vice*)
W. David Maxwell (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
david.maxwell@hoganlovells.com
*Attorneys for Defendant Elevance Health, Inc.*


Joseph A. Gorman (*pro hac vice*)
Rachel S. Brass (*pro hac vice*)
**GIBSON, DUNN & CRUTCHE LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8293
rbrass@gibsondunn.com
jgorman@gibsondunn.com


Heather L. Richardson (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue, 54th Floor
Los Angeles, CA 90071
Telephone: (213) 229-7409
hrichardson@gibsondunn.com
cdusseault@gibsondunn.com


Joshua Lipton (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**

1155 F. Street NW, Suite 700
Washington, DC 20004
Telephone: (202) 508-6086
david.schwartz@bclplaw.com
lily.rudy@bclplaw.com

Justin Kingsolver
**BRYAN CAVE LEIGHTON PAISNER LLP**
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone: (602) 364-7036
Justin.kingsolver@bclplaw.com

Justin P. O'Brien
**LOVETT O'BRIEN LLP**
155 Federal Street, Suite 1300

Boston, MA 02110
Telephone: (617) 371-1035
jobrien@lovettobrien.com
*Attorneys for Defendants Humana, Inc.*

Casey Stewart
Matthew L. McGinnis
Jane E. Willis
Sandra H. Masselink
**ROPES & GRAY LLP**
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Matthew.McGinnis@ropesgray.com
Jane.Willis@ropesgray.com
Sandra.Masselink@ropsegray.com
Casey.Stewart@ropesgray.com
zelis.joint.defense.group@ropesgray.com

David Young
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone:  202-508-4600
David.Young@ropesgray.com

Casey Kyung-Se Lee (*pro hac vice*)
**ROPES & GRAY LLP**

1700 M Street, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
jlipton@gibsondunn.com

Allison O'Neil (BBO# 641330)
Kara Kelleher (BBO# 713274)
**TROUTMAN PEPPER LOCKE**
111 Huntington Avenue, 9th Floor
Boston, MA 02199
Telephone: (617) 443-3744
Allison.Oneil@troutman.com
Kara.Kelleher@troutman.com
*Attorneys for UnitedHealth Group, Inc.*

George Borden
Katherine Anne Trefz (pro hac vice)
Jonathan Pitt (pro hac vice)
**WILLIAMS & CONNOLLY LLP**
680 Main Avenue SW
Washington, DC 20025
Telephone:  (202) 403-5038
gborden@wc.com
ktrefz@wc.com
jpitt@wc.com
*Attorneys for Defendant Aetna, Inc.*

16

1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9799
casey.lee@ropesgray.com
***Attorneys for Defendants Zelis Healthcare, LLC***
***Zelis Claims Integrity, LLC and***
***Zelis Network Solutions, LLC***

17