UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION | **Lead Action Case No.:** **1:25-cv-10734-BEM** |
| This Document Relates To: | *Consolidated with Case Nos.:* |
| All Associated Cases | *1:25-CV-11092-BEM* *1:25-CV-11167-BEM* *1:25-CV-11537-BEM* |

## DEFENDANTS' [PROPOSED] STIPULATION AND ORDER REGARDING DEPOSITION PROTOCOL

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs and Defendants that this Stipulation and Order Regarding Deposition Protocol ("Deposition Protocol") will govern depositions of parties and non-parties in this case as a supplement to the Federal Rules of Civil Procedure (the "Federal Rules" or "Rule #") and the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") (collectively, "Rules"), and that unless specifically modified herein, nothing in this Order will be construed to abrogate, expand or limit the Rules or the parties' obligations under them, including the right to seek relief from the Court from any provision in this Deposition Protocol Order for good cause shown. The Parties may stipulate to change any deadline or obligation herein by agreement and do not need to share that stipulation with the Court.

## I.   NUMBER OF DEPOSITIONS

### A.   Rule 30(b)(1) Depositions

**1.** Plaintiffs collectively may depose up to twenty (20) current or former employees of Defendants. Plaintiffs may not take more than five (5) depositions of any Defendant. Plaintiffs

1

may allocate a witness that is or was employed by more than one Defendant to the Defendant of their choice.

2.  Defendants collectively may depose up to twenty (20) current or former employees of Plaintiffs. Defendants may not take more than five (5) depositions of any Plaintiff. Defendants may allocate a witness that is or was employed by more than one Plaintiff to the Plaintiff of their choice.

3.  Each witness may be deposed only once as a fact witness unless the parties agree or the Court orders otherwise.

### B.    Rule 30(b)(6) Depositions

4.  The parties may notice one 30(b)(6) deposition per party.  Each seven hours of 30(b)(6) examination shall count as one deposition by the noticing side towards the deposition limits according to the above section. If the receiving party designates more than one corporate representative to testify regarding the topic(s) in the notice, then the noticing party, in its discretion, may obtain at least one (1) hour of testimony from each such representative up to a total of ten (10) hours of Rule 30(b)(6) testimony.  If one representative testifies on all topics, the deposition shall be limited to seven (7) hours of testimony, including 30(b)(1) testimony.

5.  Where a witness is deposed both in his or her individual capacity per 30(b)(1) and as a 30(b)(6) witness, the deposition of that witness shall count as one deposition (not two) and the parties shall use their best efforts to complete any such deposition in a single day.  The Parties will use their best efforts to notice Rule 30(b)(6) depositions so as to allow the Parties to coordinate the timing of the depositions of a corporate representative designated under Rule 30(b)(6) and the deposition of that individual as a fact witness under Rule 30(b)(1).

**6.** In cases where a witness is deposed in more than one capacity, the examining party shall attempt in good faith to state on the record when the witness is being examined in their capacity as a 30(b)(6) corporate representative and when they are being examined in their capacity as a 30(b)(1) fact witness solely for purposes of timekeeping against the agreed deposition limits.

**7.** The party noticing a Rule 30(b)(6) deposition shall serve a comprehensive list of topics for examination on the receiving party thirty (30) days following the receiving party's written representation that it has substantially completed its production of documents, reserving all rights to add additional topics or revise topics as discovery continues. Although a party is not required to notice all Rule 30(b)(6) topics at the same time, if it serves an amended notice with one or more new topics, it must serve the amended notice at least sixty (60) days before the close of fact discovery.

**8.** A party receiving notice of a Rule 30(b)(6) deposition will have fourteen (14) days from the date of receipt to serve initial objections to the notice and any topics for examination (and both Parties agree to grant reasonable extensions), and will meet and confer in good faith with the noticing party to attempt to resolve any such objections within seven (7) days thereafter.

**9.** If the Parties agree that they are unable to resolve any objection to the notice or to any topic through the meet-and-confer process, the noticing party must draft a joint letter to the Court with its request for relief as to each unresolved topic in the draft letter and send that letter to the opposing party or parties, who shall insert their position in the letter within five (5) business days. The noticing party has one business day to revise its position in light of the opposing party's position , and the opposing party has one business day to review those revisions and revise its portion accordingly.  The noticing party will then file the joint letter for the Court's resolution of the dispute. A party also may request a hearing on the dispute in the letter. No Party shall be

required to designate a witness to testify on, or otherwise proceed with, any disputed topic unless and until the Court orders that the deposition may proceed on that topic.

10. In order to ensure that the 30(b)(6) witness is prepared on the precise topics at issue, following the completion of the meet-and-confer and the resolution of any disputed topics by the Court, the noticing party shall serve a revised 30(b)(6) notice (limited to the topics resolved by the Court, if any) and the party receiving the notice shall respond agreeing in writing to the topics and must propose a date, time, location, and individual(s) for the deposition(s) as soon as reasonably practicable after receipt of the revised notice and not later than ten (10) days following receipt of the notice.

### C. Depositions of Non-Parties

11. The numeric limitations on depositions discussed above do not apply to depositions of non-parties, such as the parties' experts, separately represented former employees, or unrepresented witnesses, or to depositions conducted after the close of discovery by agreement or order of the Court for pre-trial purposes, such as depositions of records custodians concerning the authentication and admissibility of documents.

12. Excluding deposition subpoenas of records custodians of non-parties concerning the authentication and admissibility of documents, no side (*i.e.*, Plaintiffs collectively or Defendants collectively) may serve more than fifteen (15) deposition subpoenas of non-parties.

### D. Trial Witnesses

13. The parties agree that, for any individual identified by an opposing party as a trial witness who has not already been deposed, the party identifying the witness as a trial witness shall make all reasonable efforts to make the witness available for deposition by the opposing Party reasonably in advance of trial.

4

## II.    DEPOSITION GUIDELINES AND PROCEDURES

### A.    Duration of Depositions and Allocation of Time

**14.** All counsel seeking to examine a witness shall confer in good faith before the deposition to allocate examination time among any counsel intending to participate and ask questions at the deposition. In addition, for each deposition of a Defendant or non-party, the Parties shall cooperate to identify among themselves up to two examining attorneys. Those examining attorneys shall cooperate among themselves to divide the time used for the examination of the witness and to avoid repeating questions on matters previously covered.

**15.** Unless otherwise agreed by the parties or ordered by the Court, the duration of depositions for all Rule 30(b)(1) witnesses will be limited to seven (7) hours on the record, excluding breaks and recesses off the record, and conducted in a single day. The court reporter or videographer will maintain a total running time for actual deposition testimony on the record to record how much time is taken in each deposition by each party.

**16.** If Plaintiffs or Defendants notice a non-party for deposition, any other party may by written notice to the other parties and without separately serving a subpoena on the non-party participate in the questioning of the non-party witness. A party that wishes to conduct its own examination of the non-party witness must provide that written notice within ten (10) calendar days of service of the original notice or subpoena.  The deposing parties will meet and confer with the non-party witness or their counsel to attempt to reach agreement on the length of the deposition and an allocation of time among the parties.

### B.  Scheduling and Notice

**17.**  Counsel for the parties will consult with one another to coordinate all scheduling and taking of depositions.

**18.** Witnesses who are former employees of a party may be requested to appear at depositions by notice of deposition served on counsel for their former employer and shall not initially be served with a deposition subpoena. Counsel will undertake to facilitate the scheduling of depositions for witnesses currently or formerly employed by their clients, regardless of whether or not they will represent the witness at the deposition. In the event that counsel is unable to represent a witness, they are to promptly notify the other parties, and provide the other parties with the witness's last known contact information and identity of their counsel, if known. A former employee retains the right to request issuance of a deposition subpoena for any reason within twenty-one (21) days of service of the notice on counsel for the witness's former employer. In the event a former employee requests issuance of a subpoena, or the former employer of the witness is unable to timely produce a former employee without a subpoena, the party requesting the deposition of the former employee may issue a subpoena.

**19.** Depositions will be taken in-person at a location convenient for the witness and their counsel, unless the party noticing the deposition designates the deposition to be taken remotely under the terms of this Protocol in the notice of deposition. If a deposition is in-person, all questioning attorneys must be present in-person. Unless otherwise agreed, all party, former-employee, and non-party depositions will be taken within the greater metropolitan area of the witness's primary residence or place of business. Depositions of expert witnesses will occur in the location selected by counsel defending the deposition of the expert. The parties agree, however, to make reasonable accommodations for remote questioning by an attorney in the event of travel difficulties, illness, or similar exigencies. Attorneys may observe in-person depositions remotely and object on the record, but they may not question the witness absent agreement of the parties.

6

**20.** Multitracking of depositions is expected where appropriate.  However, the parties shall use their reasonable best efforts to ensure that no more than two employees of a single Plaintiff or a single Defendant may be scheduled for a deposition on the same day.

**21.** Absent good cause, a non-party will be served with the deposition subpoena or notice at least twenty-eight (28) calendar days before the scheduled deposition. The party originally noticing the deposition of a non-party will coordinate with the non-party and its counsel (if any) and with all parties intending to question the non-party witness to set a mutually amenable date, time, and location for the deposition, to be conducted as soon as reasonably practicable in light of the schedule of the witness and their counsel (if any). The original noticing party of the non-party deposition will serve a copy of this Deposition Protocol and also the operative protective order along with any subpoena of the non-party.  If a non-party subpoenaed to produce documents does not produce them at least ten (10) days before the scheduled deposition, the noticing party may reschedule the deposition to allow time to inspect the documents before the deposition.

**22.** Notices of depositions and service of subpoenas will be served on counsel for all parties electronically and notices are deemed served when they are emailed.

### C.  Recording Technology

**23.** <u>Vendors</u>. Each party may retain its own vendor(s) to host in-person or remote depositions. It is the responsibility of the party originally noticing a deposition to arrange for the vendor(s) for any deposition. In selecting its vendor, each party will ensure that the vendor can provide (a) a reliable audio-visual platform to conduct the deposition remotely and confidentially, and permits the use of breakout rooms for consultation during the remote deposition; and (b) real-time transcription technology. The vendor must also be able to display electronic versions of any exhibits on the screen during the deposition as directed by counsel conducting the questioning.

Use of one or more vendors for the roles of platform host, videographer, or court reporter does not preclude or prohibit any party from retaining such vendor(s) to perform other tasks in connection with this case.

24. <u>Stenographic Recording</u>. Pursuant to Rule 30(b)(5), all depositions (in-person and remote) will be conducted before a certified court reporter, and the certified court reporter will simultaneously stenographically record all deposition proceedings and testimony. During a remote deposition, the time zone of the witness's location will be the relevant time zone for the deposition. The court reporter will administer the oath or affirmation to the witness. If the deposition is remote, the court reporter need not be authorized to administer oaths where the witness is sitting, and such oath or affirmation is deemed as valid and effective as if the oath or affirmation had been delivered in the physical presence of the witness. The written transcript by the court reporter will constitute the official record of the deposition.

25. <u>Videoconference</u>. A videoconferencing platform with industry standard security features enabled (*e.g.*, Zoom technology with a passcode-protected meeting room) will be used to conduct depositions remotely while also preventing the public disclosure of confidential information. All private chat features on the remote deposition and exhibit platforms will be disabled. The parties will ensure that their respective court reporting vendors and their representatives present at any deposition agree to be bound by the operative protective order. The parties also agree that the vendors will not share any confidential information or work product of Plaintiffs with Defendants, or vice versa. Depositions transmitted via videoconferencing will include both live video and audio of the witness and may include live presentation of a rough draft transcript in real time during the deposition. With the exception of the court reporter and videographer, who may record the video stream of a deposition to ensure the accuracy of

transcription or to avoid audiovisual loss, video streams will not be recorded, shared, or otherwise transmitted to any person who is not authorized to attend the deposition. The recording by the videographer of the video of a deposition is the official video recording of the deposition and, pursuant to Rule 29(a), may be used as if it were a recording prepared by a certified videographer, and all parties waive any objections based on the authenticity of such digital files.

26.  Technical Issues: If any technical issues arise during a deposition, the parties will act in good faith to extend depositions beyond seven (7) hours of recorded proceedings if warranted by those issues. Any time spent resolving technical issues will be "off the record" and will not count against the examining counsel's deposition time. The court reporter and videographer will keep track of time spent on the record.

### D.  In-The-Room Logistics

27.  The witness is permitted to have a defending attorney physically present, and may receive technical assistance from a non-attorney. If the witness is an expert, the witness is additionally permitted to have his or her staff physically present, but the presence of any such person must comply with any applicable local law and will be stated on the record.

28.  The party originally noticing an in-person deposition is responsible for making available a physical location that can accommodate the presence of all participants and will endeavor to confirm the identities of all individuals (including the identity of any defending attorney) intending to be present as soon as practicable before the deposition.

29.  If the parties agree that a deposition will be conducted remotely, because every participant in or attendee of the remote deposition (including the court reporter and witness) may be in separate physical locations, the parties stipulate under Rule 29(a) that the video recorded remotely by the videographer is presumptively authentic and the video may be used at trial or

hearing to the same extent an in-person deposition video recording may be used. Nothing in this paragraph is intended to limit or waive any party's rights with respect to the use or admissibility of any testimonial or other evidence at trial and the parties reserve all of their rights concerning the recordings of depositions. No person attending a remote deposition will permit anyone who is not subject to the protective order in this case to hear or view the remote deposition while it is being conducted.

30. The witness must be the only person in the room during the time the witness is testifying on the record during a remote deposition with the exception of any attorney(s) representing the witness. While on the record, any attorney physically present in the same room as the witness will log into the remote deposition platform separately and have their respective cameras on and be audible at all times through individual or shared audio feeds (*e.g.*, all individuals in a room may share one telephone dial-in for audio). The witness may be asked on the record to identify any and all attorney(s) physically present in the same room as the witness. If another person enters the room during the time the witness is testifying on the record, the witness (or the witness's counsel) must disclose that a person has entered and disclose the identity of such person. If any of the participants object to the person's presence, the person will be directed to leave the room. From the beginning of the time that another person is in the room with the witness, the time on the record will be stopped and the questioning attorney will pause questioning until the witness confirms that he or she is the only person in the room with the exception of any attorney(s) representing the witness.. Counsel for Parties may attend and participate in remote depositions in person with the deponent if the deponent's counsel is present with the deponent. The witness, questioning attorney(s), and defending attorney(s) shall be visible through the remote deposition video platform while on the record throughout the remote deposition. Before any remote

deposition, witnesses will be instructed by their counsel, or if unrepresented, by the first questioning attorney, that they may not use or consult any means of communication while on the record during the deposition (other than audio and video communications used to conduct the deposition itself), including without limitation electronic communications (*e.g.*, email, text, social media) and other communications (*e.g.*, telephone).

31.  Counsel attending the deposition and any individual(s) working with them will not communicate with the witness regarding the substance of their testimony while the deposition is on the record other than in the presence (including virtual presence) of the court reporter and videographer. Nothing in this paragraph prohibits counsel for the witness from conferring with the witness during a break in the deposition to the extent permitted by the Rules.

### E.  Exhibits

32.  Electronic Exhibits: The preferred method of marking and using exhibits for a remote deposition is through the platform enabled for remote depositions, which will enable examining counsel to share exhibits with the witness, court reporter, defending counsel, and attending counsel through the platform electronically before examining counsel begins to question the witness about an exhibit. If electronic exhibits are used by the witness during the remote deposition, the witness must be able to manipulate their view of the exhibit (scrolling, magnifying, *etc.*) to facilitate their review.

33. Hard-Copy Exhibits: The parties will work together cooperatively and use reasonable efforts to ensure that a sufficient number of hard-copy exhibits are available for distribution to in-person attendees of depositions. If a party is hosting an in-person deposition, it will notify the noticing and any cross-noticing parties of the identities of a deposition's anticipated in-person attendees at least five (5) days in advance of the deposition. Examining counsel,

defending counsel, and all other counsel attending the deposition will cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit shown to a witness by examining counsel during the deposition.

34. <u>Marking of Exhibits</u>: The parties will endeavor to number all exhibits sequentially, *i.e.*, Plaintiffs' Exhibit PX 1 through [x], and Defendants' Exhibit DX 1 through [y]. For example, if the last exhibit used by plaintiffs in a deposition were PX 31, the first exhibit used by plaintiffs in the next deposition would be PX 32. In the event multiple depositions occur on the same day, a range of exhibit numbers for each deposition will be reserved by examining counsel to avoid overlapping exhibit numbers. If a deposition is noticed to be remote, the vendor supplying the deposition hosting platform must have available on request a means for questioning counsel, as well as the witness, to mark or annotate exhibits electronically.

35. <u>Witness Notes</u>: Any notes made or documents reviewed by a witness while their deposition is on the record that were not marked as an exhibit during the deposition must be disclosed on the record by defending counsel and either made an exhibit by examining counsel or made available to counsel in attendance at the deposition.

36. <u>Circulation of Marked Exhibits</u>: As soon as reasonably practicable after a deposition concludes, the vendor responsible for handling the exhibits marked at the deposition will circulate the marked exhibits electronically to counsel who attended the deposition.

**F. Objections**

37. All objections must be stated on the record concisely in a nonargumentative and nonsuggestive manner in accord with Rule 30(c)(2). As soon as an attorney for one side (*i.e.*, an attorney for Plaintiffs or an attorney for Defendants) objects to the form of a question, then all parties on that same side have preserved all possible objections to the form of the question (*i.e.*, if counsel for a Defendant objects, then all Defendants are deemed to have preserved that objection).

**38.** Instructions to the witness not to answer are improper except on the basis of privilege, Court order, or for any other basis allowable under the law.

**39.** Counsel for each side at a deposition are deemed to have joined objections interposed by their side and need not repeat the objection or state that they join in it. Counsel will not make repetitive objections if another attorney has already stated an objection. If a technology issue prevents counsel representing the witness at a remote deposition from hearing a question or making a timely objection on the record, that counsel shall notify the other deposition attendees as soon as possible. Defending counsel's objection will be deemed preserved if the objection is made on the record promptly following the resolution of the technical issue. Similarly, if the examining attorney objects or moves to strike following the answer, then all parties' objections to the responsiveness of the answer are preserved without repetition by other counsel.

**G. Disputes**

**40.** If a dispute arises during a deposition, before contacting the Court, the primary examining and primary defending attorneys at the deposition must first meet and confer to attempt to resolve the issue. If the dispute remains, the parties may then jointly contact the Court. The parties will alert the court reporter to be prepared to read the deposition question and answer at issue to the Court. If the Court is not available, and to the extent the parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights.

**41.** As soon as reasonably practicable after a deposition in which a still-unresolved dispute arose, the party moving to compel or for a protective order shall email a draft joint letter to the opposing party or parties containing its request for relief and position of the disputed issue(s). The opposing party has five (5) business days thereafter to insert their position in the joint letter.

The noticing party has one business day to revise its position in light of the opposing party's position, and the opposing party has one business day to review those revisions and revise its portion accordingly.  The noticing party will then file the joint letter for the Court's resolution of the dispute. A party also may request a hearing on the dispute in the letter. Excluding address and signature blocks, each side has up to three (3) pages to explain their position and may cite the rough deposition transcript in the joint letter brief.

42. Nothing in this Deposition Protocol denies counsel the right to suspend a deposition under Rule 30(d)(3) or file a motion relating to a deposition with the Court as soon as practicable after the deposition. The motion must be accompanied by a declaration explaining why the dispute resolution procedure above was impractical or futile.

43. If counsel for a witness reasonably believes that a witness will invoke his or her Fifth Amendment rights in response to all or nearly all substantive questions, counsel for the witness shall inform the parties of that fact as soon as reasonably possible after the deposition is noticed, but in no case later than ten (10) business days prior to the deposition. The Parties shall cooperate on the efficient questioning of witnesses who intend to invoke their Fifth Amendment rights in response to all or nearly all substantive questions.

### H.  Confidentiality

44. No person will attend a deposition who does not agree to be bound by and comply with the terms of the protective order.

45. The confidentiality designations of deposition transcripts, including exhibits, will be governed by the protective order.

46. Although a party may attend a deposition in person or remotely by videoconference, a party's representative (other than the witness's outside counsel) will not

participate in any portion of a deposition when a witness is questioned about documents that have been marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

## III.    OTHER STIPULATIONS

### A.    Cost Allocation

47. The party issuing the deposition notice shall be fully responsible for the court reporter and videographer costs. The Parties shall each bear their own costs for obtaining copies of written transcripts and video recordings.  If a party cross-notices the deposition, then the parties will share the costs of the cross-noticed deposition.

### B.    Correction of Official Transcript

48. The court reporter will provide the original transcript to the first examining attorney. If for any reason, the original transcript is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

49. Notwithstanding the time periods set forth in Rule 30 and Local Rule 26.1(a)(2), the parties agree to the following deadlines:  (i) the transcript of a deposition shall be provided to the witness for correction and signature within thirty (30) days after the end of the deposition; (ii) the deposition may be signed by the witness, and any errata to the deposition may be provided within sixty (60) days after the transcript is submitted to the witness. If no corrections are made during this time, the transcript will be final and presumed accurate.

### C.    Modification

50. Counsel reserve the right to seek modification of any procedure in this Deposition Protocol, but if modification cannot be made by agreement, counsel must meet and confer with opposing counsel before seeking relief from the Court per the Disputes procedure set forth above regarding depositions.

**IT IS SO ORDERED.**

Dated: July 22, 2026

Hon. ~~Brian E. Murphy~~ JENNIFER C. BOAL
Judge of the United States District Court

16