UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: ZELIS REPRICING ANTITRUST LITIGATION | ) | Lead Action Civil Action No.: 25-cv-10734-BEM<br><br>Consolidated with Civil Action Nos.:<br>25-cv-11092-BEM<br>25-cv-11167-BEM<br>25-cv-11537-BEM |

ORDER ON DEFENDANTS' MOTION TO COMPEL
[Docket No. 296]

September 21, 2026

Boal, M.J.

In this consolidated antitrust case, Defendants move to compel extensive discovery across multiple categories. While the parties have worked cooperatively to resolve their differences regarding the Defendants' requests for production, Plaintiffs have raised categorical objections with respect to particular types of information. Defendants ask the Court to rule on the validity of those categorical objections in order to facilitate the resolution of the parties' disagreements. After careful review and consideration of the parties' submissions, as well as the arguments made at the September 14, 2026, hearing, this Court grants in part and denies in part the motion as follows:

Billing, Collection, And Balance-Billing Data. Plaintiffs have categorically objected to the production of this type of information arguing that downstream discovery is not appropriate. This Court finds, however, that the Defendants have sufficiently shown that this information is relevant in this case. As recognized in Judge Murphy's March 30, 2026, order on Defendants'

motion to dismiss, Plaintiffs' own balance billing allegations could be read to contradict Plaintiffs' theory of damages, and the order also relied on Plaintiffs' allegations that they are prohibited from balance billing. Docket No. 185 at 10-11. Defendants are entitled to test those allegations and theories. Accordingly, this Court finds that Plaintiffs' Downstream Discovery Objection is not persuasive and that such discovery is relevant.

In-Network Claims And Pricing Records. Plaintiffs' general in-network discovery objection is overruled, as information concerning in-network rates and participation is relevant to evaluating market definition and economic substitutability. See Docket No. 185 at 17-20, n.19; SAC ¶¶ 169-170. This Court further finds that the contracts requested in this category of document requests (see, e.g., RFP Nos. 2 and 24) are relevant, and encourages the parties to continue to meet and confer to negotiate a more tailored and proportional scope of production, with respect to the other requests, particularly those seeking claims data (see, e.g., RFP No. 8).

Financial Performance Data And Tax Records. Plaintiffs have agreed to produce a substantial amount of information sought by document requests in this category. Nevertheless, disputes remain. This Court finds that the Defendants have not met the requisite standard for the production of tax returns and also finds the request for individual employee compensation records to not seek relevant information. This Court finds that the remainder of requests in this category seek relevant information.

Charge-Setting Discovery. Plaintiffs have agreed to produce documents sought by the requests in this category without waiving their objections to out-of-network billing and in-network services. Docket No. 308 at 25. As this Court has overruled those objections, Plaintiffs must produce the materials subject to those objections in response to these requests.

Employer-Sponsored Health Plan Documents. Defendants have not sufficiently shown that information regarding the health benefit plans that Plaintiffs offer their own employees and how the plans determine OON allowed amounts is relevant. Accordingly, the motion is denied with respect to this category of documents.

Comparative Data. Defendants' request for comparative data regarding other repricers, such as MultiPlan, is granted in part. Although information concerning Plaintiffs' interactions with other repricers is relevant and discoverable for testing economic causation and assessing whether pricing outcomes were unique to Zelis or reflective of broader market dynamics, a tailored production is warranted. The parties are encouraged to meet and confer with respect to a limited production of comparative data regarding other repricers like Multiplan.

RFP Nos. 59 and 74. Defendants' motion as to RFP No. 74 is denied for lack of a factual basis and relevance. With respect to RFP No. 59, this Court finds that documents pertaining to Plaintiffs' consideration of whether to cease treating particular patients based on payor reimbursement rates go directly to the factual allegations in the Plaintiffs' complaint. See SAC ¶¶ 192, 341-46. Accordingly, Defendants' motion with respect to RFP No. 59 is granted.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge